UNSEALED PER ORDER 2/27/14

Sealed
Public and unofficial staff access to this instrument are prohibited by court order.

United States District Court
Southern District of Texas
FILED

JAN 1 5 2014

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | VIOLATIONS: 14 CR 020 |
| VS. | § | 18 U.S.C. §1349 |
| | § | 18 U.S.C. § 1343 |
| STEVEN PATRICK JONES | § | 18 U.S.C. § 1341 |
| JOHN PATRICK ACORD | § | 15 U.S.C. §§ 77q(a), 77x |

## INDICTMENT

The United States Grand Jury charges:

### INTRODUCTION

At all times material herein:

1.  Intermodal Wealth, Inc. was a Panama Corporation. Intermodal Wealth, Inc. had a corporate office in Houston, Texas, as well as offices in Panama City, Panama, and Blue Island, Illinois. Intermodal Wealth, Inc. was the successor to Ecoenergy Group, Inc. d/b/a Intermodal Wealth, an Illinois corporation (collectively referred to as the "Companies").

2.  Defendant **STEVEN PATRICK JONES ("JONES")**, a Texas resident, was the President of the Companies.

3.  Defendant **JOHN PATRICK ACORD ("ACORD")**, a Texas resident, was the Chief Financial Officer and/or a consultant for the Companies.

4.  Beginning at least as early as September 2011 and continuing until in or about September 2013, Defendants devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, promises and omissions.

5. It was part of the scheme and artifice that the Defendants would and did solicit persons (the "Investors") to purchase investments in intermodal shipping containers (the "Investment"). Defendants described the terms of the Investment as follows:

    a. Investors purchase intermodal shipping containers from the Companies;

    b. Defendants, by and through the Companies, manage the intermodal shipping containers and lease them to third-party businesses;

    c. The management and leasing of the intermodal shipping containers purportedly generates a profit; and

    d. Investors receive a guaranteed annualized return of at least 13% to in excess of 16% derived from the purported profit dependent upon the amount of investment funds placed with the Companies.

6. It was part of the scheme and artifice that the Defendants would and did make various misrepresentations to the Investors to induce them to purchase the Investment. These misrepresentations included the following:

    a. That the Companies' Chief Financial Officer was an individual named "John Delano" when, in truth and fact, "John Delano" was a fictional name of Acord;

    b. That Investor profit payments were derived from the leasing of intermodal shipping containers to third-party businesses when, in truth and fact, investor profit payments were predominantly, if not entirely, Ponzi payments derived from funds provided by the Investors; and

    c. That third-party business lease agreements were between the Companies and legitimate third-parties when, in truth and fact, Defendants created

sham lease agreements with such parties to create the false appearance that Investors' intermodal shipping containers were being leased by legitimate third-party businesses.

7. In addition to these misrepresentations, it was part of the scheme and artifice that the Defendants would and did omit and fail to disclose to the Investors the following material facts:

   a. That Acord had two prior federal convictions for fraud-related offenses;

   b. That Acord had twice been permanently enjoined by the United States Securities and Exchange Commission;

   c. That "John Delano" was a fictional name employed by Acord in connection with the investment;

   d. That Jones had a prior federal conviction related to shipping and interstate commerce;

   e. That previous Investor funds were applied to the personal use and benefit of the Defendants and their family members;

   f. That Investor profit payments were not derived from the leasing of intermodal shipping containers to third-party businesses at times when such payments were predominantly, if not entirely, Ponzi payments derived from funds provided by the Investors;

   g. That Defendants created sham third-party business leases to create the appearance that Investors' intermodal shipping containers were being leased by legitimate third-party businesses;

    h.    That the Defendants used numerous accounts with financial institutions that were opened and maintained by Defendants and others in an effort to avoid detection of the fraudulent scheme;

    i.    The assets and liabilities of the Companies and other information impacting the guaranteed-nature of the Investment; and

    j.    The financial and business backgrounds of Defendants, including personal liabilities relating thereto.

8.    On the basis of these and other misrepresentations and omissions, the Defendants would and did induce Investors throughout the United States and internationally to purchase over $5,500,000.00 through investment in the intermodal shipping container.

9.    It was further a part of the scheme and artifice that the Defendants would and did use Investor funds to make Investor profit payments to the Investors in order to prolong the scheme and lull Investors into the false belief that the Investment was being executed in the manner represented to Investors by the Defendants.

10.    It was further a part of the scheme and artifice that the Defendants continued to sell the Investment after becoming aware that the Securities Commissioner of the Texas State Securities Board had issued an Emergency Cease and Desist Order on July 20, 2012, a basis of which was the Defendants' fraudulent conduct in connection with the Investment.

11.    It was further a part of the scheme and artifice that the Defendants used and/or maintained, directly or indirectly, accounts at one or more financial institutions, including, but not limited to, Amegy Bank, BBVA Compass, HSBC Bank USA Panama, and Woodforest National Bank.  Defendants opened or otherwise transacted business through one or more of these financial institutions in the Southern District of Texas.

12. It was further a part of the scheme and artifice that the Defendants transmitted and caused to be transmitted by others, including Investors and those working on behalf of the Defendants, by wire communications in interstate commerce, writings, signals, signs, pictures and sounds and interstate mailings to and from the Southern District of Texas to locations outside of the State of Texas. These wire communications and mailings included, but were not limited to, the following:

    d. Telephone calls;

    e. Email communications via the Internet;

    f. Electronic communications involving the clearing of checks and other financial transactions through the Federal Reserve banking system;

    g. Transfer by wire and electronic means of funds between financial institutions and investment companies located outside the State of Texas and financial institutions and investment companies located in the Southern District of Texas; and

    h. Delivery of mail matter by private and interstate carrier and by the United States Postal Service.

## Count 1
### (Conspiracy to Commit Wire Fraud – Title 18 U.S.C. § 1349)

**A. THE CONSPIRACY AND ITS OBJECTS**

1. The allegations in paragraphs 1 through 12 of this Indictment are hereby adopted, re-alleged and incorporated as if fully set forth herein.

2. Beginning at least as early as September 2011 and continuing until on or about September 2013, in the Houston Division of Southern District of Texas and elsewhere,

**STEVEN PATRICK JONES, and<br>JOHN PATRICK ACORD,**

defendants herein, did knowingly combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and in execution of said scheme and artifice, transmit or cause to be transmitted by means of wire in interstate commerce, writings, signs, signals, pictures and sounds for the purpose of executing said scheme or artifice to defraud in violation of Title 18, United States Code, Section 1343.

**B.  OVERT ACTS**

3. In furtherance of the conspiracy, and to affect the object of the conspiracy, the overt acts listed in Counts 2- 10 of this indictment, among others, were committed in the Southern District of Texas and elsewhere.

All in violation of Title 18, United States Code 1349.

**Counts 2 – 6<br>(Wire Fraud – Title 18 U.S.C. § 1343)**

1. The allegations in paragraphs 1 through 12 of this Indictment are hereby adopted, re-alleged and incorporated as if fully set forth herein.

2. Beginning at least as early as September 2011 and continuing until in or about September 2013, in the Southern District of Texas and elsewhere, the Defendants,

**STEVEN PATRICK JONES, and<br>JOHN PATRICK ACORD,**

aided and abetted by others known and unknown to the grand jury, having devised and intending to devise a scheme and artifice to defraud, as set forth above, to obtain money and property by means of false, misleading and fraudulent pretenses, representations and promises, and omissions

of material facts, did knowingly cause to be transmitted by wire, radio or television communication in interstate and foreign commerce, a wire transfer of funds, constituting and containing a writing, sign, signal, picture and sound, for the purpose of executing and attempting to execute said scheme and artifice, on or about the dates set forth below:

| COUNT | INVESTOR | APPROX. DATE | AMOUNT |
|---|---|---|---|
| 2 | L.J.S. | January 19, 2012 | $102,500.00 |
| 3 | S.C. | January 20, 2012 | $11,500.00 |
| 4 | D.T. | June 6, 2012 | $117,500.00 |
| 5 | E.S. | October 11, 2012 | $502,500.00 |
| 6 | E.S. | January 4, 2013 | $300,000.00 |

In violation of Title 18, United States Code, Sections 1343 and 2.

### Counts 7 – 9
### (Mail Fraud – Title 18 U.S.C. § 1341)

1. The allegations in paragraphs 1 – 12 of this Indictment are hereby adopted, re-alleged and incorporated as if fully set forth herein.

2. Beginning at least as early as September 2011 and continuing until in or about September 2013, in the Southern District of Texas and elsewhere, the Defendants,

**STEVEN PATRICK JONES, and
JOHN PATRICK ACORD,**

aided and abetted by others known and unknown to the grand jury, having devised and intending to devise a scheme and artifice to defraud, as set forth above, to obtain money and property by means of false, misleading and fraudulent pretenses, representations and promises, and omissions of material facts, knowingly deposited and caused to be deposited the matters and things listed below, and caused the matters and things to be sent and delivered, by private and commercial

interstate carrier and by the United States Postal Service, for the purpose of executing and attempting to execute said scheme and artifice, on or about the dates set forth below:

| COUNT | APPROX. DATE | DESCRIPTION |
|---|---|---|
| 7 | May 29, 2012 | Investment-related materials from an investor in Buffalo, New York with the initials of P.J.M. to Houston, Texas concerning P.J.M.'s $43,710.00 Investment |
| 8 | November 26, 2012 | Investment-related materials from Houston, Texas to BBVA Compass in Kingwood, Texas concerning Investments totaling $280,250.00 |
| 9 | December 4, 2012 | Investment-related materials to investors in Seguin, Texas with the initials of D.R.K. and G.K. from a Houston, Texas shipping address concerning their $112,500.00 Investment |

In violation of Title 18, United States Code, Sections 1341 and 2.

### Count 10
### (Securities Fraud – Title 15 U.S.C. §§ 77q(a), 77x)

1. The allegations in paragraphs 1 – 12 of this Indictment are hereby adopted, re-alleged and incorporated as if fully set forth herein.

2. Beginning at least as early as September 2011 and continuing until in or about September 2013, in the Southern District of Texas and elsewhere, the Defendants,

**STEVEN PATRICK JONES, and**
**JOHN PATRICK ACORD,**

aided and abetted by others known and unknown to the grand jury, willfully and knowingly, in connection with the offer and sale of a security, that is investments in the Companies' intermodal shipping containers, for the purpose of executing and attempting to execute said scheme and artifice, by the use and means of transportation and communication in interstate commerce and by the use of the mails, directly and indirectly: (a) employed a device, scheme and artifice to defraud; (b) obtained money by means of untrue statements of material fact and omissions to

state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaged in transactions, practices, and courses of business which operated as a fraud and deceit upon investors.

In violation of Title 15, United States Code, Sections 77q(a) and 77x and Title 18, United States Code, Section 2.

## NOTICE OF CRIMINAL FORFEITURE

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, the United States of America hereby gives notice to defendants **Steven Patrick Jones** and **John Patrick Acord** that all property, real or personal, which constitutes or is derived from proceeds traceable to a violation of the offenses of 18 U.S.C. §§ 1341, 1343, and 1349 charged in Count One through and including Count Nine are subject to forfeiture to the United States of America, including, but not limited to a money judgment payable to the United States of America in the approximate amount of $10,000,000.00.

## Substitute Property

If any of the property described above, as a result of any act or omission of any of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461.

TRUE BILL:

Original Signature on File

_____
FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
United States Attorney

By: _____
JAY HILEMAN
Assistant United States Attorney