United States District Court
Southern District of Texas
**ENTERED**
January 06, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-14-20-2 |
| | § | |
| | § | |
| JOHN PATRICK ACORD *in custody* | § | |

## ORDER

Pending before the court are the following motions filed by defendant John Patrick Acord: (1) motion for the defendant United States of America (the "Government") to give notice of its intention to use evidence of other crimes, wrongs, or bad acts under Rule 404(b) of the Federal Rules of Evidence (Dkt. 155); (2) motion for early disclosure of agreements with Government witnesses thirty days before the trial (Dkt. 156); (3) motion for preservation and production of rough notes (Dkt. 157); (4) motion for discovery and inspection (Dkt. 158); (5) first motion in limine (Dkt. 159); (6) motion for notice of evidence the Government intends to use in its case-in-chief under Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure (Dkt. 161); (7) motion for psychiatric examination of key Government witness Steven Jones (Dkt. 162); (8) motion to order the Government to compel co-defendant Steven Jones to produce all documents in his possession relating to this investigation (Dkt. 163); (9) motion for dismissal of counts of the indictment not contained within the order of extradition (Dkt. 164); (10) second motion in limine (Dkt. 165); (11) motion to strike surplusage from the indictment (Dkt. 166); (12) motion for Government correspondence with witnesses (Dkt. 167); (13) motion for early disclosure of Jencks Act materials thirty days before trial (Dkt. 168); (14) motion to list witnesses (Dkt. 169); (15) motion to produce non-witness reports or notes (Dkt. 170); (16) motion to take the deposition of foreign witnesses

(Dkt. 171); (17) motion for the issuance of Letters Rogatory for the production of documents in Panama and the deposition of witnesses in Panama (Dkt 172); and (18) motion for subpoenas at Government expense (Dkt. 173). The Government is unopposed to the motion for the Government to give notice of its intention to use evidence of other crimes, wrongs, or bad acts under Rule 404(b) of the Federal Rules of Evidence (Dkt. 155); motion for early disclosure of agreements with Government witnesses thirty days before the trial (Dkt. 156); motion for preservation and production of rough notes (Dkt. 157); motion for discovery and inspection (Dkt. 158); and the first motion in limine (Dkt. 159). These motions are therefore GRANTED. The court will address the remaining motions *in seriatim*.

## I. BACKGROUND

The original indictment was filed on January 15, 2014. Dkt. 1. The charges against Acord and Steven Patrick Jones in the original indictment are as follows: one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349; five counts of wire fraud in violation of 18 U.S.C. § 1343; three counts of mail fraud in violation of 18 U.S.C. § 1341; and one count of securities fraud in violation of 15 U.S.C. §§ 77q(a), 77x. *Id.* The original indictment alleges that Jones, a Texas resident, was the president of Intermodal Wealth, Inc. ("Intermodal"), a Panama corporation with offices in Houston, Texas; Panama City, Panama; and Blue Island, Illinois. *Id.* Intermodal was allegedly the successor to Ecoenergy Group, Inc., d/b/a Intermodal Wealth, an Illinois company (collectively, the "Companies"). *Id.* Acord was allegedly the Chief Financial Officer ("CFO") or a consultant for the Companies. *Id.* The original indictment alleges that Acord and Jones "devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, promises and omissions." *Id.*

2

Specifically, the original indictment alleges that Jones and Acord solicited investors to invest in intermodal shipping containers in return for a generous guaranteed annualized return. *Id.*

On March 20, 2014, Jones pled not guilty on all counts. Dkt. 29. On May 1, 2014, Jones changed his plea to guilty to count 1 of the original indictment, and he entered into a plea agreement. Dkts. 32, 33. On June 28, 2014, Acord was arrested. Dkt. 36. On August 5, 2014, Acord pled not guilty on all counts. Dkt. 43. On October 1, 2014, the Government filed a superseding indictment. Dkt. 58. The superseding indictment charges Acord and a new defendant, Dean Lester Springer, Sr.,[1] with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, one count of conspiracy to launder funds in violation of 18 U.S.C. § 1956(h), and two counts of securities fraud in violation of 15 U.S.C. §§ 77q(a), 77x. *Id.* Additionally, it charges Acord with five counts of wire fraud in violation of 18 U.S.C. § 1343 and three counts of mail fraud in violation of 18 U.S.C. § 1341. *Id.*

According to the superseding indictment, the defendants engaged in a scheme to solicit investors to purchase shipping containers from the Companies for guaranteed annualized return rates of at least thirteen percent. *Id.* The superseding indictment alleges that the defendants made various misrepresentations, including stating that the CFO was a fictional person named John Delano when Acord was actually the CFO, stating that investor profits originated from leasing intermodal shipping containers to third parties when the "profits" were really predominantly Ponzi payments from other investors, and providing sham lease agreements to make it look like the containers were leased to

---

[1] According to the superseding indictment, Springer was a salesman for Intermodal and later formed a company called World Container. *Id.* Springer allegedly formed World Container after a cease and desist order was issued against Intermodal by the Texas State Securities Board. *Id.* Springer was arrested in October 2014 and pled not guilty on all counts on October 6, 2014. Dkt. 66.

legitimate third parties. *Id.* Additionally, the superseding indictment charges that part of the scheme involved omitting and failing to disclose material facts to investors including that (1) Acord had two prior federal convictions for fraud-related offenses; (2) Acord had twice been permanently enjoined by the United States Securities and Exchange Commission ("SEC"); (3) John Delano was a fictional name; (4) previous investor funds were used for the personal benefit of the defendants and their families; (5) profits were not derived from leasing intermodal shipping containers; and (6) the third-party leases shown to investors were sham leases. *Id.*

Acord filed the instant motions on November 12, 2015, and the Government filed a response on November 19, 2015. Dkts. 155–59, 161–73, 181. The motions are now ripe for disposition.

## II. LAW AND ANALYSIS

**A.    Notice of Evidence the Government Intends to Use in Its Case-in-Chief**

Acord moves, under Federal Rule of Criminal Procedure 12(b)(4)(B), for an order requiring the Government to give notice of its intent to use any evidence in its case-in-chief at trial that Acord may be entitled to under Federal Rule of Criminal Procedure 16.[2] Dkt. 161. The Government advised Acord that it would provide an exhibit book with all of the Government's exhibits well in advance of trial. *Id.*; Dkt. 181. The Government opposes the motion, however, to the extent it may require the Government to file a bill of particulars. Dkt. 181. The court does not construe Acord's request as seeking a bill of particulars. Acord's motion is GRANTED as unopposed.

---

[2] Rule 16 outlines the Government's and defendant's required disclosures in a criminal case. Fed. R. Crim. P. 16.

B.     **Psychiatric Examination of Jones**

Acord moves for the court to issue an order requiring a psychiatric examination of his original co-defendant, Steven Patrick Jones, who Acord contends will be the Government's star witness. Dkt. 162. According to Acord, Jones has abused drugs for years and is believed to be delusional. *Id.* Acord alleges that Jones has a checkered past that includes extensive drug use, vehicle theft, and drug-related crimes. *See id.* Acord requests that the court review the pretrial services report of Jones and determine whether Acord's right to a fair trial requires that Jones be examined by a psychiatrist to assess his ability to testify truthfully "after a prolonged period of serious drug use and delusional activity." *Id.*

The Government is opposed to the motion, arguing that even if the criminal history detailed in Acord's motion is true, it is not grounds for a psychiatric examination. Dkt. 181. The Government agrees that the district court has wide discretion in determining whether to grant requests for pyschological examinations but argues that Jones's drug use does not impact his competency. *Id.* Moreover, a court-ordered medical examination is an infringement on a witness's privacy. *Id.* The Government contends that the request for a psychological examination is merely an attempt to harass, intimidate, and humiliate its witness, who has no known mental health issues or problems. *Id.*

Acord relies on *United States v. Jackson*, 576 F.2d 46 (5th Cir. 1978). In *Jackson*, the defendant argued on appeal that the district court erred by failing to order physical and mental examinations of several witnesses who testified about obtaining prescriptions from the defendant, a physician who was on trial for unlawfully dispensing controlled substances. 576 F.2d at 47–48. The defendant asserted that the witnesses were drug users and that the examinations may have shown

5

they were incompetent to testify or that the examinations otherwise would have been relevant for impeachment purposes. *Id.* at 48. The Fifth Circuit noted that a "district court has broad discretion in determining whether to order such examinations." *Id.* (citing *Gurleski v. United States*, 405 F.2d 253, 267 (5th Cir. 1968)). The court held that the district court did not abuse its discretion in failing to order the exams, as whether a "witness is a narcotics user goes not to his competency, but to his credibility." *Id.* (citing *United States v. Killian*, 524 F.2d 1268, 1275 (5th Cir. 1975)). The court noted that during trial defense counsel was able to cross examine the witnesses about their drug use and that any psychiatric opinions about the credibility of the witnesses would have invaded the jury's province. *Id.* at 49. Additionally, "a court-ordered medical examination is an infringement on a witness' privacy, and this factor must be taken into account by the district court." *Id.*

The court is not convinced that a psychiatric examination of Jones is warranted simply because of his past drug use and criminal history.[3] Acord's motion is DENIED.

**C.   Production of Documents in Jones's Possession**

Acord next seeks an order requiring the Government to compel Acord's co-defendant Steven Jones to produce all documents in Jones's possession relating to this investigation. Dkt. 163. Jones's plea agreement indicates that he agreed to give the Government all documents he had relating to the investigation. Dkt. 33. Acord contends that he (Acord) did not participate in Intermodal or the other Panamanian companies associated with Intermodal and that Intermodal's records will establish this fact. Dkt. 163. Acord thus requests that the court either require the

---

[3] The court will evaluate whether Jones is competent to testify at trial. *Cf. United States v. Escamilla*, 590 F.2d 187, 190 (5th Cir. 1979) (noting that "a voir dire examination of [the witness] was conducted by counsel outside the presence of the jury and the trial judge determined that [the witness] was able to testify").

Government to obtain Intermodal's records from Jones and provide them to Acord because they are *Brady* material,[4] or, alternatively, that the court issue Letters Rogatory to the Panamanian government so that it will issue legal process to compel the production of these records. *Id.*

Similarly, Acord contends that the bank records that trace the flow of investor money into Intermodal and ultimately to Jones constitute *Brady* material. *Id.* He therefore seeks an order requiring the Government to obtain these documents from Jones pursuant to Jones's plea agreement and produce them to Acord or, alternatively, Acord requests that the court issue Letters Rogatory so that the documents may be obtained in Panama. *Id.*

The Government acknowledges its obligations under *Brady*, *Giglio*,[5] and the Jencks Act,[6] and states that it will provide the documents to the extent they contain *Brady*, *Giglio*, and Jencks Act material. Dkt. 181. Additionally, it agrees to provide the documents to the defense if it plans to use them at trial. *Id.* The Government opposes this motion, however, to the extent it seeks to expand the Government's obligations beyond what is required by law or justice in this case. *Id.*

The Government does not state whether it has received the documents in question from Jones. *See id.* The Government is ORDERED to advise the court of the status of Jones's documents

---

[4] Under *Brady v. Maryland*, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87, 83 S. Ct. 1194 (1963).

[5] In *Giglio v. United States*, the U.S. Supreme Court extended the "*Brady* rule to evidence affecting the credibility of key government witnesses." *United States v. Davis*, 609 F.3d 663, 696 (5th Cir. 2010) (discussing *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763 (1972)).

[6] The Jencks Act requires the Government to allow the defendant to examine any statements of witnesses it calls at trial, including grand jury testimony, after the witness testifies on direct examination, if the statements relate to the subject matter to which the witness has testified. 18 U.S.C. § 3500(b); *United States v. Campagnuolo*, 592 F.2d 852, 858 (5th Cir. 1979).

within fourteen (14) days of this order. The court reserves ruling on this motion until it receives the Government's response.

**D.      Counts Not Contained in the Order of Extradition**

Acord next moves for dismissal of counts of the indictment not contained within the order of extradition. Dkt. 164. Acord's counsel states that he does not have a copy of the order of extradition but that Acord may not be charged with any counts that are not contained within the order. *Id.* (citing *United States v. Kaufman*, 858 F.2d 994, 1006–08 (5th Cir. 1988)). He moves for the court to require the Government to produce the order of extradition and moves for all charges not contained within that order to be dismissed. *Id.*

The Government argues that Acord was expelled from Panama, not extradited. Dkt. 181. Thus, there is no order of extradition. *Id.* The Government further contends that expulsion of an American citizen to the United States to face criminal charges here is legal. *Id.* (citing *United States v. Alvarez-Machain*, 504 U.S. 655, 112 S. Ct. 2188 (1992) (holding that a U.S. District Court had jurisdiction to try a Mexican national who, rather than being extradited to the United States, was forcibly kidnapped and brought to the United States)).

Since there is no order of extradition, Acord's motion for dismissal of counts of the indictment not contained within the extradition order (Dkt. 164) is DENIED AS MOOT.

**E.      Second Motion in Limine**

Acord moves for the court to issue an order prohibiting the Government from mentioning any of the following items in the presence of the jury without first having received advance authorization of the court: (1) the Security and Exchange Commission's ("SEC") lawsuit against Acord, Monarch Oil, and others in 1982; (2) Acord's 1989 or 1990 conviction for securities fraud in Nevada; (3)

Acord's 1995 conviction in Dallas, Texas, for investment fraud; (4) the SEC's lawsuit against Acord in Dallas, Texas, in 1995, and the stipulation and consent and final judgment in that case; (5) the 2003 lawsuit against Acord by Young Again Products, Inc., in the District of Maryland; (6) Acord's 2005 voluntary petition under Chapter 7 of the Bankruptcy Code; (7) the 2006, 2007, 2008, and 2009 tax liens against Acord; and (8) the 2010 judgment against Acord in Supplement Spot, LLC's bankruptcy case because Acord used the debtor's assets to pay personal debts, make business investments, purchase properties that were not for the benefit of the debtor, and divert funds. Dkt. 165. Acord contends that this evidence is highly prejudicial and inadmissible. *Id.*

The Government states that it intends to offer evidence of these convictions, lawsuits, liens, and judgments to show that Acord and his co-defendants made material omissions in the sale of securities in violation of 15 U.S.C. § 77q(a) and 77x (securities fraud statutes) and 18 U.S.C. § 1341 (mail fraud statute). Dkt. 181. The securities fraud statutes expressly apply to untrue statements of material fact or o*missions* of material facts. *See* 15 U.S.C. § 77q(a) (stating that it is unlawful "to obtain money or property by means of any untrue statement of a material fact *or any omission to state a material fact*" (emphasis added)); *id.* § 77x (stating the penalties for those who willfully violate the subchapter, rules and regulations promulgated under the chapter or who "make[] any untrue statement of a material fact or *omit[] to state any material fact*" (emphasis added)). Under the mail fraud statute, a "scheme to defraud" must involve "fraudulent representations *or omissions* reasonably calculated to deceive persons of ordinary prudence and comprehension." *United States v. Finney*, 714 F.2d 420, 423 (5th Cir. 1983) (discussing the elements of 18 U.S.C. § 1341). The Government intends to present witnesses who will testify that they would not have invested in Intermodal if the defendants had disclosed the convictions, lawsuits, liens, and judgments that Acord

9

seeks to exclude from evidence. Dkt. 181. The Government argues that securities laws are designed to protect investors from these types of omissions and that failure to disclose the convictions, lawsuits, liens, and judgments to investors constitutes mail, wire, and securities fraud. *Id.*

The court has considered the arguments and finds that the best course is to rule on the second motion in limine after hearing argument from counsel at the pretrial conference.

**F.      Surplusage from Indictment**

Acord moves for an order striking information about his two prior federal convictions for fraud related offenses—one that is 25 years old and one that is 20 years old—from the superseding indictment. Dkt 166. He also contests the inclusion in the superseding indictment of (1) a federal offense Jones was convicted of 19 years ago relating to transporting stolen vehicles in interstate commerce; and (2) the financial and business backgrounds of all defendants, particularly as they relate to various bankruptcies and federal income tax liens. *Id.* Acord argues that there is no duty to disclose convictions that happened more than ten years ago and that there is no duty to disclose one's business background or personal financial condition. *Id.* (citing 17 C.F.R. § 229.401(f)(2) and (g)(1)).[7] Acord argues that this surplusage in the superseding indictment is both irrelevant and prejudicial because in this district it is the practice for most courts to send the indictment to the jury room. *Id.* (citing *United States v. Hedgepeth*, 434 F.3d 609, 612 (3d Cir. 2006) ("[U]pon the defendant's motion, the court may strike surplusage from the indictment or information.")). Acord

---

[7] Under 17 C.F.R. section 229.401(f)(2), when companies file forms under the Securities Exchange Act of 1934, the directors must disclose involvement in certain legal proceedings if they happened within the past ten years. Under 17 C.F.R. section 229.401(g)(1), promoters must disclose involvement in the same types of legal proceedings that occurred within the past five years and that are material to a voting or investment decision.

moves that the surplusage either be stricken or, in the alternative, that the indictment not be shown to the jury. *Id.*

The Government opposes this motion for the same reasons it opposes the second motion in limine. The court will defer ruling on this issue until it after it rules on the second motion in limine at the pretrial conference.

### G.     Government Correspondence with Witnesses

Acord requests that the court order the Government to produce (1) any written correspondence between the Government and its witnesses or their lawyers; (2) any correspondence concerning whether the witness will be or could be charged with a crime; (3) any statements that may be inconsistent with trial testimony; and (4) any plea agreements, cooperation agreements, or criminal charges concerning any witnesses. Dkt. 167.

The Government acknowledges its obligations under *Brady*, *Giglio*, and the Jencks Act, and it agrees to comply with its discovery obligations with regard to exculpatory evidence. Dkt. 181. The Government contends, however, that the documents requested are not discoverable under Rule 16, and it objects to the request to the extent it expands the Government's discovery obligations beyond that required by law and justice. *Id.*

Acord has provided no authority or convincing argument indicating that the Government should provide evidence above and beyond the evidence required under *Brady*, *Giglio*, and the Jencks Act. Accordingly, Acord's motion is DENIED to the extent the motion seeks disclosure above and beyond the Government's obligations to produce witness correspondence under *Brady, Giglio*, and the Jencks Act and above and beyond the already open file that is available for Acord's counsel to inspect. It is otherwise GRANTED AS UNOPPOSED.

H.     **Early Disclosure of Jencks Act Materials 30 Days Before Trial**

Acord moves for the court to order the Government to disclose all statements and reports within the meaning of the Jencks Act, 18 U.S.C. § 3500, thirty days before trial. Dkt. 168. Acord's counsel states that he will have to request a continuance mid-trial to review the materials and frame his cross examination if the Government does not provide the materials early, and he therefore asks that the court "encourage" the Government to disclose Jencks Act material thirty days in advance of trial. Dkt. 168.

The Government responds that it has an open file in this case, which Acord's counsel may review at any time. Dkt. 181. Additionally, the Government states that all Jencks Act materials will be provided well in advance of trial. *Id.* The Government objects to the motion, however, because it is not required by law to provide the materials until the witness testifies at trial. *Id.* (citing 18 U.S.C. § 3500).

Neither party contends that the Government is *required* to provide the materials thirty days before trial. The court always encourages the parties to cooperate with each other to the extent possible, and it appears that the parties are doing so in this case. If this changes, the parties may seek the intervention of the court. At this point, however, Acord's motion is DENIED AS MOOT.

I.     **Witness List**

Acord moves for the court to order the Government to supply Acord with a list of all witnesses who may be called by the Government during its case-in-chief or rebuttal. Dkt. 169. Acord contends that the names and addresses of the witnesses are necessary to afford Acord with effective confrontation and cross examination as required by the Sixth Amendment to the United States Constitution. *Id.* (citing *Pointer v. Texas*, 380 U.S. 400, 85 S. Ct. 1065 (1965) ("[T]he right

12

to cross-examination is included in the right of an accused in a criminal case to confront the witnesses against him."). Acord asserts that the identity of the witnesses must be disclosed well in advance of trial to effectuate meaningful confrontation and cross examination and that the starting point must begin with the witnesses' names and addresses. *Id.* (citing *Smith v. Illinois*, 390 U.S. 129, 88 S. Ct. 748 (1968) (finding that forbidding the defense from asking a prosecution witness his name or where he lived "effectively . . . emasculate[s] the right of cross-examination itself")).

The Government "regrettably opposes" this motion. Dkt. 181. The Government notes that many of the witnesses are private citizens who were victims of an investment fraud scheme and do not wish to be contacted by the defense team. *Id.* The Government agrees, however, to provide the telephone numbers or email addresses so that defense counsel may contact the witnesses. *Id.* The Government also opposes Acord's request for a list of witnesses that the Government may use in its rebuttal case as the Government will not know prior to seeing Acord's defense at trial what testimony will be needed to rebut it. *Id.* Finally, the Government points out that even though it will provide a witness list, there is actually no obligation to do so under Rule 16. *Id.* (citing *United States v. Dark*, 597 F.2d 1097 (6th Cir. 1979)).

The court finds that the Government's offer to provide the telephone numbers and/or email addresses of its witnesses is a good solution to the issue of the witnesses not wishing to provide their addresses to the defense. The email addresses or phone numbers may actually be more helpful to the defense than the witnesses' physical addresses. Therefore, Acord's motion is GRANTED IN PART AND DENIED IN PART. It is GRANTED in that the Government must provide Acord with a list of witnesses it intends to call in its case-in-chief and must provide the telephone numbers or email addresses of those witnesses. Acord's motion is DENIED to the extent he requests the

physical addresses of the witnesses and the names and addresses of rebuttal witnesses who are not even known at this point.

J.     **Production of Interview Reports of Non-Witnesses**

Acord requests that the court require the Government to produce any and all investigative reports or notes of any federal or state law enforcement agencies that contain memoranda or interviews conducted by employees of those agencies with individuals who will not be called as witnesses at trial and who were interviewed as part of the investigation that resulted in the indictment in this case. Dkt. 170. Acord contends that he needs to review these materials for exculpatory evidence and that the Government cannot determine what is favorable or exculpatory, particularly since the Government used a confidential informant in this case. *Id.*

The Government agrees to comply with all of its discovery obligations under *Brady*, *Giglio*, and the Jencks Act. Dkt. 181. It also notes that it has an open file in this case that Acord's counsel may review at any time and that many of the reports requested in this motion have already been provided. *Id.*

While the court understands Acord's contention that he is better suited to determine what evidence would benefit his case than the Government is, since the Government has an open file in this case anyway, this appears to be a nonissue. Acord's motion is DENIED to the extent the motion seeks disclosure above and beyond the Government's obligations under *Brady, Giglio*, and the Jencks Act and above and beyond the already open file that is available for Acord's counsel to inspect. It is otherwise GRANTED AS UNOPPOSED.

**K.       Depositions of Foreign Witnesses**

Acord seeks to take the depositions of the following foreign witnesses: Luz Cardona, Dana Ruiz, and Tatiana Steele. Dkt. 171. These witnesses live in Panama, and Acord believes they have relevant and exculpatory information. *Id.* Acord notes that his counsel and the Government are working together in an attempt to resolve this issue without court intervention. *Id.* The Government requests additional time before responding to this motion as it is attempting to contact these witnesses to determine if they have relevant information and would be willing to voluntarily appear in Houston for a deposition. Dkt. 181. The court, therefore, will reserve ruling on this motion. If the issue is resolved, Acord shall withdraw this motion. If the parties are unable to resolve the issue, Accord shall file a short supplemental brief seeking a ruling, to which the Government may respond.

**L.       Letter Rogatory**

Acord notes that a large portion of the alleged scheme took place in Panama, and witnesses residing in Panama have relevant and exculpatory information. Dkt. 172. Acord moves for the court to issue Letters Rogatory to the government of Panama seeking assistance so that Acord may obtain certain documents as well as depositions of the three witnesses. *Id.* Acord states that he and the Assistant United States Attorney are working together to attempt to resolve this issue without court intervention. *Id.* The court, therefore, will reserve ruling on this motion. If the issue is resolved, Acord shall withdraw this motion. If the parties are unable to resolve the issue, Accord shall file a short supplemental brief seeking a ruling, to which the Government may respond.

**M.       Issuance of Rule 17(c) Subpoena for Tapes of Jones's Calls**

Acord notes that Jones is detained at the Federal Detention Center in Houston ("FDC"), which tape records all telephone conversations engaged in by inmates. Dkt. 173. Acord states that

he intends to issue a trial subpoena to FDC for the production of Jones's tape recorded telephone calls but that it may be impossible to listen to all of the calls during the trial itself. *Id.* Acord therefore asks for judicial authority to subpoena the tape recorded calls prior to trial. *Id.*

According to Acord, when he requested the Government's position on this motion, the Assistant United States Attorney advised that he would obtain the recordings. The Government did not respond to this motion in its response, and the court therefore assumes it is unopposed and that the Government is obtaining the recordings for Acord. The motion is therefore GRANTED AS UNOPPOSED.

### III. CONCLUSION

The motions contained at docket entries 155 through 159, 161, and 173 are GRANTED AS UNOPPOSED. The motion contained at docket entry 162 is DENIED. The motions at docket entries 164 and 168 are DENIED AS MOOT. The motions at docket entries 167 and 170 are DENIED to the extent they seek disclosure above and beyond the Government's obligations to produce witness correspondence under *Brady, Giglio*, and the Jencks Act and above and beyond the already open file that is available for Acord's counsel to inspect. The motions at docket entries 167 and 170 are otherwise GRANTED AS UNOPPOSED. The motion at docket entry 169 is GRANTED IN PART AND DENIED IN PART. It is GRANTED in that the Government must provide Acord with a list of witnesses it intends to call in its case-in-chief and must provide the telephone numbers or email addresses of those witnesses. Acord's motion at docket entry 169 is DENIED to the extent he requests the physical addresses of the witnesses and the names and addresses of rebuttal witnesses. The court defers ruling on the motions at docket entries 165 and 166 until after it hears oral arguments at the pretrial conference. The court reserves ruling on the motions

at docket entries 171 and 172 because the parties are attempting to resolve the issues presented in those motions without court intervention. If the parties are unable to resolve these issues, Accord shall file a short supplemental brief seeking a ruling, to which the Government may respond. Finally, with regard to the motion at docket entry 163, the Government is ORDERED to advise the court of the status of Jones's documents within fourteen (14) days of this order. The court will rule on the motion at docket entry 163 after it receives this status update.

    Signed at Houston, Texas on January 6, 2016.

    _____
    Gray H. Miller
    United States District Judge